United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff<br>v.<br>PV Enterprises, Inc., and others, Defendants. | )<br>)<br>) Civil Action No. 16-20542-Civ-Scola<br>) |

### Final Judgment As To Defendant Villiotis

This matter is before the Court on the Securities and Exchange Commission's (the "Commission's") motion for the entry of final judgment against Defendant Panagiotis Villiotis, ordering that he pay disgorgement, prejudgment interest and a civil penalty (ECF No. 80.)

On December 19, 2016, the Court entered a consent order granting the Securities and Exchange Commission (the "Commission") a permanent injunction and other relief against Villiotis (Permanent Injunction and Order, ECF No. 73.) Pursuant to the order, Villiotis was permanently enjoined from further violations of the antifraud and registration provisions of the federal securities laws, was barred from serving as an officer or director of a public issuer and was barred from participating in any offering of penny stocks. (*Id.* at 1-4.) The order also directed that Villiotis shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)]. (*Id.* at 4.) The order stated that the Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. (*Id.*) The order further states that, for purposes of such motion, the allegations of the Complaint shall be accepted as true by the Court, and that the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. (*Id.* at 4-5.)

Although the Commission styled its motion as a motion for summary judgment, the motion asks the Court to determine the amounts owed by Villiotis and to enter final judgment against him. (Mot. at 4, ECF No. 80.) Therefore, the Court will treat the Commission's motion as a motion for the entry of final judgment.

The Commission has determined that Villiotis owes disgorgement in the amount of $173,053.77, and prejudgment interest in the amount of $16,248.48, for a total of $189,302.25. (Mem. of Law at 18-19, ECF No. 80-1.)

In support of its determination, the Commission submitted a declaration from Matthew McNamara, the Assistant Regional Director for Enforcement of the Atlanta Regional Office of the Commission. (Decl., ECF No. 80-5.) The declaration explains how the Commission calculated the disgorgement and prejudgment interest owed by Villitois and attaches the documentation on which the Commission relied. (*Id.*) The Court notes that the Commission has determined that any amounts that Defendant PV Enterprises, Inc. pays pursuant to the judgment entered against it (ECF No. 70) will operate to offset the amount which Villitois is obligated to pay. (Decl. at 5, ECF No. 80-1.)

In addition, the Commission asks the Court to determine the amount of the civil penalty owed by Defendant Villiotis. Pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, the SEC may seek to have a court impose one of three tiers of civil penalties. (Mot. at 19, ECF No. 80-1.) When the violation involves fraud, second tier penalties may be imposed up to $75,000 for a natural person, or the amount of the ill-gotten gain. (*Id.*) When the violation involves fraud or deceit and the violation resulted in substantial losses, or created a risk of substantial losses, to other persons, third tier penalties may be imposed up to $150,000 for a natural person. (*Id.*) The Commission states that in this case either a second tier or a third tier penalty may be imposed, since Villiotis's violations involved fraud and deceit and created a substantial risk of loss to other persons. (*Id.*) The Commission requests that the Court consider the "integral and necessary role that Villitois undertook in this scheme." (*Id.* at 20.)

Defendant Villiotis did not respond to the Commission's motion. The Court finds the Commission's calculations to be well-supported, and therefore **grants** the Commission's motion (**ECF No. 80**) to enter final judgment against Defendant Villiotis. Accordingly, the Court **orders** as follows:

1. Defendant Villiotis is liable for disgorgement in the amount of $173,053.77, representing unlawful gains as a result of the conduct set forth in the Complaint, together with prejudgment interest thereon in the amount of $16,248.48. Villiotis shall satisfy this obligation by paying $189,302.25 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment. Any amount up to and including $173,053.77 that Defendant PV Enterprises, Inc. actually pays pursuant to the terms of the Default Judgment entered against it by this Court on December 19, 2016, will offset the amount which Defendant Villiotis is obligated to pay pursuant to this Final Judgment.

Defendant Villiotis may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Villiotis may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Panagiotis Villiotis as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Villiotis shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action to Edward G. Sullivan, Esq., Securities and Exchange Commission, 950 East Paces Ferry Road, NE, Suite 900, Atlanta, GA 30326. By making this payment, Defendant Villiotis relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  Defendant Villiotis shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

2. Defendant Villiotis shall pay a civil penalty in the amount of $75,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant Villiotis shall make this payment within thirty (30) business days after entry of this Final Judgment. Defendant Villiotis may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Villiotis may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which

    shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Panagiotis Villiotis as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Villiotis shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action to Edward G. Sullivan, Esq., Securities and Exchange Commission, 950 East Paces Ferry Road, NE, Suite 900, Atlanta, GA 30326. By making this payment, Defendant Villiotis relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Villiotis shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3. The terms of the Final Judgment include the directives in this Order, and further include the terms of the *Permanent Injunction and Other Relief As to Defendant Panagiotis Villiotis* signed by this Court on December 15, 2016 (entered December 19, 2016). There being no just reason for delay, the Clerk is **directed** to enter this final judgment against Defendant Villiotis forthwith. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**Done and Ordered**, at Miami, Florida, on April 14, 2017.

                                                                   Robert N. Scola, Jr.
                                                                     United States District Judge