United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff ) ) ) | |
| v. ) | Civil Action No. 16-20542-Civ-Scola |
| PV Enterprises, Inc., and others, ) Defendants. | |

**Final Judgment As To Defendant Birmingham**

This matter is before the Court on the Securities and Exchange Commission's (the "Commission's") motion for the entry of final judgment against Defendant Norman Birmingham, ordering that he pay disgorgement, prejudgment interest and a civil penalty (ECF No. 81.)

On January 19, 2017, the Court entered a consent order granting the Securities and Exchange Commission (the "Commission") a permanent injunction and other relief against Defendant Birmingham (Permanent Injunction and Other Relief, ECF No. 79.) Pursuant to the order, Defendant Birmingham was permanently enjoined from further violations of the federal securities laws and was barred participating in any offering of penny stocks. (*Id.* at 1-2.) The order also directed that Defendant Birmingham shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)]. (*Id.* at 2.) The order stated that the Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. (*Id.*) The order further states that, for purposes of such motion, the allegations of the Complaint shall be accepted as true by the Court, and that the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. (*Id.* at 2-3.)

Although the Commission styled its motion as a motion for summary judgment, the motion asks the Court to determine the amounts owed by Villiotis and to enter final judgment against him. (Mot. at 4, ECF No. 81.) Therefore, the Court will treat the Commission's motion as a motion for the entry of final judgment.

The Commission has determined that Birmingham owes disgorgement in the amount of $240,250, and prejudgment interest in the amount of $16,705.91, for a total of $256,955.91. (Mem. of Law at 18-19, ECF No. 81-1.) In support of its determination, the Commission submitted a declaration from

Matthew McNamara, the Assistant Regional Director for Enforcement of the Atlanta Regional Office of the Commission. (Decl., ECF No. 81-5.) The declaration explains how the Commission calculated the disgorgement and prejudgment interest owed by Birmingham and attaches the documentation on which the Commission relied. (*Id.*) The Court notes that the Commission has determined that any amounts that Defendants Virtual Sourcing, Inc. and Sweet Challenge, LLC pay pursuant to the default judgments entered against them (ECF Nos. 71-72) will operate to offset the amount which Birmingham is obligated to pay. (Decl. at 5, ECF No. 81-1.)

In addition, the Commission asks the Court to determine the amount of the civil penalty owed by Defendant Birmingham. Pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, the SEC may seek to have a court impose one of three tiers of civil penalties. (Mot. at 19, ECF No. 81-1.) First tier penalties for any violation may be imposed up to the larger of $7,500 for a natural person, or the amount of the ill-gotten gain. (*Id.*) Second or third tier violations may be imposed when the violation involves fraud. (*Id.*) Since Birmingham's violations did not involve fraud, the Commission requests tha the Court impose at least one first tier penalty. (*Id.* at 20.) Since Defendants Birmingham and Virtual Sourcing, Inc., a company that Birmingham controlled, were directly involved in two separate financing agreements from which Birmingham benefitted, the Commission submits that the Court can justifiably impose two first tier penalties. (*Id.*)

Defendant Birmingham did not respond to the Commission's motion. The Court finds the Commission's calculations to be well-supported, and therefore **grants** the Commission's motion (**ECF No. 81**) to enter final judgment against Defendant Birmingham. Accordingly, the Court **orders** as follows:

1. Defendant Birmingham is liable for disgorgement in the amount of $240,250, representing his unlawful gains as a result of the conduct set forth in the Complaint, together with prejudgment interest thereon in the amount of $16,705.91. Defendant Birmingham shall satisfy this obligation by paying $256,955.91 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment. Defendants Virtual Sourcing, Inc. and Sweet Challenge, LLC operated ultimately as "pass throughs" of their ill-gotten gains for the benefit of their controlling individual, director and/or registered agent, Defendant Birmingham. Therefore, any amount up to and including $241,250 that Defendant Virtual Sourcing, Inc. actually pays

pursuant to the terms of the Default Judgment entered against it by this Court on December 16, 2016, will offset the amount which Defendant Birmingham is obligated to pay pursuant to this Final Judgment. Similarly, any amount up to and including $225,000 that Defendant Sweet Challenge, LLC actually pays pursuant to the terms of the Default Judgment entered against that entity by this Court on December 16, 2016, will offset the amount by which Defendant Birmingham is obligated to pay pursuant to this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Birmingham may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Norman Birmingham as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Birmingham shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action to Edward G. Sullivan, Esq., Securities and Exchange Commission, 950 East Paces Ferry Road, NE, Suite 900, Atlanta, GA 30326. By making this payment, Defendant Birmingham relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to the Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

2. Defendant Birmingham shall pay a civil penalty in the amount of

$7,500 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)]. Defendant Birmingham shall make this payment within thirty (30) business days after entry of this Final Judgment. Defendant Birmingham may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Birmingham may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Norman Birmingham as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Birmingham shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action to Edward G. Sullivan, Esq., Securities and Exchange Commission, 950 East Paces Ferry Road, NE, Suite 900, Atlanta, GA 30326. By making this payment, Defendant Birmingham relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Birmingham shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3. The terms of the Final Judgment include the directives in this order, and further include the terms of the *Permanent Injunction and Other Relief As to Defendant Norman Birmingham* signed by this Court on January 18, 2017 (entered January 19, 2017). There being no just reason for delay, the Clerk is directed to enter this final judgment against Defendant Birmingham forthwith. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of

this Final Judgment

**Done and Ordered**, at Miami, Florida, on April 14, 2017.

_____
Robert N. Scola, Jr.
United States District Judge